**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| DARRIN MALONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 20-cv-05360 |
| | ) | |
| MANHEIM REMARKETING, INC. a | ) | |
| Delaware Corporation, d/b/a | ) | Removed from the Circuit Court |
| MANHEIM CHICAGO, | ) | of Cook County, Law Division |
| | ) | Case No. 2020 L 004020 |
| Defendant. | ) | |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, Manheim Remarketing, Inc. ("Defendant" or "Manheim") hereby files this Notice of Removal and removes the above titled action from the Circuit Court of Cook County, Illinois, County Department, Law Division to the United States District Court for the Northern District of Illinois. In support of this Notice of Removal, Defendant states as follows:

### INTRODUCTION

1. On August 14, 2020, Plaintiff served a Summons as well as his Complaint at Law on Manheim via its registered agent in Atlanta, Georgia. Joseph G. Ryan, counsel for Darrin Malone ("Plaintiff"), served a copy of the Summons and Complaint that was filed on behalf of Plaintiff in the Circuit Court of Cook County, Law Division. (Summons and Complaint, attached as **Ex. A**.)

2. Plaintiff asserts negligence and premises liability claims against Manheim and seeks relief for damages associated with injuries allegedly sustained as a result of a slip-and-fall accident on August 28, 2018 in Cook County, Illinois.

3. Plaintiff seeks damages in an amount in excess of $100,000, plus costs of the suit.

1

Moreover, complete diversity of citizenship exists between Plaintiff and Manheim, the sole Defendant. Accordingly, the district court shall have original jurisdiction of this matter pursuant to 28 U.S.C. § 1332 and the matter may be removed from the Circuit Court of Cook County, Law Division pursuant to 28 U.S.C. §§ 1441 via the procedures addressed in 28 U.S.C. §§ 1446.

### STATEMENT OF THE GROUNDS FOR REMOVAL

4. Complete diversity of citizenship exists between Plaintiff and Defendant. Plaintiff is a citizen of Illinois. (Compl. ¶ 4, **Ex. A**.) Defendant is a citizen of Delaware, which is the state of its incorporation, as well as Georgia, the state where its principal place of business is located. (Layton Aff., attached as **Ex B**.)[1] Manheim is the sole Defendant. Therefore, this Court may exercise original jurisdiction pursuant to 28 U.S.C. § 1332.

5. Additionally, Plaintiff seeks a judgment in excess of $100,000, exclusive of interest and costs. (Compl., **Ex. A**.) Plaintiff's Complaint expressly "prays for judgment against the Defendant, Manheim, in an amount in excess of ONE HUNDRED THOUSAND DOLLARS ($100,000.00) . . ." (*Id*., Counts I & II) (emphasis in original.) The law provides that a court will accept a defendant's "good-faith estimate of the stakes . . . if it is plausible and supported by a preponderance of the evidence." *Tile Unlimited, Inc. v. Blanke Corp.*, 788 F. Supp. 2d 734, 742 (N.D. Ill. 2011) (quoting *Oshana v. Coca-Cola Co.,* 472 F. 3d 506, 510 – 11 (7th Cir. 2006)). Finally, "[o]nce the proponent of federal jurisdiction has explained plausibly how the stakes exceed [the jurisdictional minimum], the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Id.* (quoting *Blomberg v. Serv. Corp. Int'l*, 639

---

[1] A corporation's "principal place of business" is its "nerve center," or the place where the entity's high-level officers "direct, control, and coordinate" the activities of the corporation. *See Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010). The nerve center "should normally be the place where the corporation maintains its headquarters–provided that the headquarters is the actual center of direction, control, and coordination . . . and not simply an office where the corporation holds its board meetings." *Id.*

F. 3d 761, 764 (7th Cir. 2011)).

6. "The party seeking removal does not need to establish what damages the plaintiff will recover, but only how much is in controversy between the parties." *Blomberg,* 639 F.3d at 763. It is the defendant's burden "to show what the plaintiff hopes to get out of the litigation; if this exceeds the jurisdictional amount, then the case proceeds in federal court unless a rule of law will keep the award under the threshold." *Rising-Moore v. Red Roof Inns, Inc.,* 435 F. 3d 813, 816 (7th Cir. 2006). Further, "[t]he party seeking removal does not need to establish what damages the plaintiff will recover, but only how much is in controversy between the parties." *Blomberg*, 639 F. 3d at 763.

7. Here, the amount in controversy exceeds $75,000, exclusive of interest and costs. The Complaint itself states that Plaintiff is seeking damages "in an amount in excess of $100,000." (Compl., p. 5, **Ex. A**). Plaintiff's Complaint also states that, due to Plaintiff's fall, he sustained "serious injuries, was obligated to spend large sums of money for medical care and attention and was otherwise deprived of great gains." (*Id*., Counts I & II.) The Complaint clearly establishes that the amount in controversy exceeds the jurisdictional limit required for removal.

8. Manheim denies the material allegations of Plaintiff's Complaint and denies that Plaintiff is entitled to any recovery whatsoever. Nonetheless, based on the available information, including the alleged nature and extent of the claimed injuries, as well as Plaintiff's prayer for relief in which he states that he is seeking judgment in excess of $100,000 plus costs, there is more than a reasonable probability that Plaintiff is seeking recovery of an amount in excess of $75,000.

9. This Court may exercise original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists between Plaintiff and Manheim and the matter in controversy exceeds $75,000.00, exclusive of interest and cost. Therefore, the matter

may be removed from the Circuit Court of Cook County to the district court pursuant to 28 U.S.C. § 1441.

10. Manheim was served with the Plaintiff's lawsuit on August 14, 2020. (Notice of Service of Process, **Ex. C**). Accordingly, this Notice is being filed within thirty (30) days of the date upon which Defendant was served and is therefore timely filed pursuant to 28 U.S.C. §1446(b). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

11. The Complaint alleges that the accident giving rise to Plaintiff's claimed injuries occurred in Cook County, Illinois and Plaintiff's Complaint was filed there, as well. Accordingly, this lawsuit is properly removed to the Eastern Division of the Northern District of Illinois. 28 U.S.C. §93; 28 U.S.C. §1391(b) (explaining that venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. . . ."); 28 U.S.C. §1441 (explaining that removal is proper "to the district court of the United States for the district and division embracing the place where such action is pending.")

12. A copy of the state court docket is attached as "**Ex. D**."

13. The undersigned counsel confirms that he has executed this Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure on behalf of his client.

14. As required by 28 USC §1446 (d), Defendant will promptly serve upon Plaintiff's counsel and file with the Clerk of Court for the Cook County a true and correct copy of this Notice.

15. By removing this action to this Court, Defendant does not waive any defenses available to it in State or Federal Court.

16. Defendant reserves the right to amend or supplement this Notice of Removal.

**CONCLUSION**

WHEREFORE, Defendant, Manheim Remarketing, Inc., prays that the within matter, now pending against it in the Circuit Court of Cook County, Law Division, be removed to the United States District Court for the Northern District of Illinois, Eastern Division. Should any question arise as to the propriety of this removal, Defendant requests an opportunity to provide briefing and oral argument.

        Respectfully submitted,

        SEGAL MCCAMBRIDGE SINGER & MAHONEY, LTD.

        By: /s/ Chad J. Layton
            One of the Attorneys for Defendant
            Manheim Remarketing, Inc.

Chad J. Layton, Esq., ARDC No. 6243339
Laura J. Henneman, Esq., ARDC No. 6320773
SEGAL MCCAMBRIDGE SINGER & MAHONEY, LTD.
Willis Tower – Suite 5500
233 S. Wacker Dr.
Chicago, IL 60606
Ph: 312 645 7800
Firm ID. 13681

## CERTIFICATE OF SERVICE

I,  Kevin Agapay-Read  , a non-attorney, upon oath depose and state that a copy of the foregoing Notice of Removal to the United States District Court was served upon the above-named parties via U.S. Mail before the hour of 5:00 p.m. on the 10th day of September, 2020.

Under penalties as provided by law pursuant to
ILL.REV.STAT.CHAP. 110, §1-109, I certify that
the statements set forth herein are true and correct.

 /s/ Kevin Agapay-Read